IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| NIVIA GREEN, and on behalf of others so similarly situated, | ) ) ) C/A No. 3:07-1098-CMC |
| Plaintiffs, | ) ) **OPINION AND ORDER** |
| v. | ) **GRANTING** ) **MOTION TO DISMISS** |
| BEAZER HOMES CORP., and BEAZER MORTGAGE CORPORATION, | ) ) ) ) |
| Defendants. | ) ) |

This matter is before the court on Defendants' motion to dismiss Plaintiff's complaint with prejudice. The motion is pursued under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt No. 21. For the reasons set forth below, the court grants the motion in full.

## BACKGROUND

**Basis of Motion.** As to Rule 12(b)(1), Defendants argue that Plaintiff lacks standing to pursue this action because she has not suffered a legally cognizable injury which is fairly traceable to Defendants' actions. As to Rule 12(b)(6), Defendants address Plaintiff's causes of action individually, suggesting fatal flaws in each of them.

**Plaintiff's Concessions.** In response, Plaintiff withdraws her claim for unjust enrichment. Dkt No. 38, p. 14 at n.1. She also concedes that declaratory and injunctive relief are not independent claims, but only forms of relief sought to remedy her other claims. Dkt No. 38, p. 14. Plaintiff also narrows her federal Racketeering Influenced and Corrupt Organizations Act (RICO) claims to rely solely on alleged violations of 18 U.S.C. §§ 1962(a) and (d). Dkt No. 38 at 30. *See also* Dkt No. 38 at 31 (expressly abandoning any claim for violation of 18 U.S.C. §§ 1962(b) or (c)). The claim under 18 U.S.C. § 1962(d) is for conspiracy to violate § 1962(a).

**Remaining Claims and Issues.** The court will, therefore, address Defendants' motion to dismiss only in the context of the standing issues and those claims which have not been conceded: claims for negligence and civil conspiracy under South Carolina law; and mail and wire fraud claims asserted under 18 U.S.C. §§ 1962(a) and (d).

**Summary of Complaint.** Plaintiff accurately summarizes the "nature" of her putative class action complaint as follows:

> Plaintiff has filed this putative class action on behalf of herself and other[s] similarly situated alleging that the Defendants participated in a conspiracy whereby unqualified low-income purchasers of new homes constructed by Defendant Beazer Homes Corp. ("Beazer Homes") obtained financing from Defendant Beazer Mortgage Corporation ("Beazer Mortgage") though the submission of false information on loan applications. Plaintiff alleges, inter alia, that Defendant Beazer Homes targeted low-income purchasers, directed them to Beazer Mortgage to obtain financing, knowing that Beazer Mortgage would advise or encourage such prospective purchasers to falsify information on loan applications. As a direct result, Plaintiff alleges that numerous home purchasers qualified for loans for wh[ich] they were otherwise unqualified, and that as an inevitable consequence, many such purchasers could not meet their mortgage obligations, resulting in numerous foreclosures in such neighborhoods in excess of the statewide average. Plaintiff alleges that as a direct result of this conspiracy and the foreclosures within her community, her property has been damaged by decreased property value.

Dkt No. 38 at 1-2.

### STANDARD

**Rule 12(b)(1).** The motion to dismiss for lack of standing under Rule 12(b)(1) implicates subject matter jurisdiction and must, therefore, be addressed as a threshold matter. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998). Absent an evidentiary hearing, the court accepts the relevant allegations of the complaint as true. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (noting that court may either apply a standard similar to that applied to a Rule 12(b)(6) motion, accepting the allegations of the complaint as true, or may hold an evidentiary hearing). The

burden, however, remains on Plaintiff to establish that the allegations are sufficient to support standing. *E.g.*, *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) ("[T]he authorized inquiry is primarily directed to the one who claims that the power of the court should be exerted in his behalf. As he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court."); *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231 (1990) (noting that it is "long-settled" that person invoking the court's jurisdiction bears burden of alleging "facts demonstrating that he is a proper party to invoke judicial resolution of the dispute").

**Rule 12(b)(6).** As recently explained in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007):

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," . . . While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,. . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must [therefore] be enough to raise a right to relief above the speculative level [taking all such allegations as true].

*Id.* at 1964-65 (internal citations omitted). *See also id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."); *Eastern Shore Mkts., Inc. v. J.D. Assoc's, Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (noting that court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments" ).

**DISCUSSION**

**I.     Rule 12(b)(1) STANDING**

The "irreducible constitutional minimum of standing" consists of three distinct elements:

First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" . . . Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61(1992) (internal citations omitted).

The complaint alleges that Plaintiff and others similarly situated have suffered an injury in the form of a generalized loss in the potential market value of their homes as a result of an excessive number of foreclosures on other homes in the community. Plaintiff does not, however, suggest that she or any of her other similarly "injured" neighbors have realized this decrease in value (*e.g.*, as a result of sale of the home). Thus, the injury is neither concrete nor particularized. Moreover, the alleged cause of the decreased value (excessive foreclosures) is of a type which would not necessarily have a long term impact on home prices. This strongly suggests that the injury is conjectural and speculative, not actual or imminent. *Lujan*, 504 U.S. at 560-561.

In addition, the source of Plaintiff's alleged injury suggests difficulties as to the second (causation) and third (redressability) prongs. This is because the alleged wrongs relate to actions directed toward other homeowners or their lenders. Plaintiff and those similarly situated have, at most, suffered collateral injury as a result of a generalized market impact of wrongs directed toward others.

4

Plaintiff's difficulties as to her RICO claims are even more pronounced. The RICO claims rest on allegations of mail and wire fraud. Plaintiff is not a direct victim of that alleged fraud and does not allege that she relied on any missrepresentation. *See generally Chisolm v. TranSouth Financial Corp.*, 95 F.3d 331, 337 (4th Cir. 1996) (discussing RICO pleading requirements); Defendants' Reply (Dkt No. 46) at 5-8.

For the reasons set forth above and in Defendants' additional arguments, the court concludes that Plaintiff lacks standing to pursue either her state law or federal RICO claims.

## II.     RULE 12(b)(6) MOTION

Even were the court to find Plaintiff had standing, it would grant the motion to dismiss for failure to state a claim. As noted above, the only claims remaining are for negligence, civil conspiracy, and RICO violations.

**A.     Negligence Claim**. Plaintiff's negligence claim fails because she was not a party to the credit transactions at issue. *See Huggins v. Citibank, N.A.,* 585 S.E.2d 275 (S.C. 2003) (finding relationship between credit card issuer and victim of identity theft to be too attenuated to support a claim for negligent issuance of a credit card) . As noted in *Huggins:*

> Duty arises from the relationship between the alleged tortfeasor and the injured party. . . . . In order for negligence liability to attach, the parties must have a relationship recognized by law as the foundation of a duty of care. . . . In the absence of a duty to prevent an injury, foreseeability of that injury is an insufficient basis on which to rest liability. . . . The concept of duty in tort liability will not be extended beyond reasonable limits.

*Huggins*, 585 S.E.2d at 277. As in *Huggins,* the relationship here is simply too attenuated to support imposition of a duty of due care owed by Defendants to Plaintiff.

**B.     Conspiracy.** Plaintiff's claim for civil conspiracy fails because there is no allegation that any action was taken for the purpose of causing injury to Plaintiff or others similarly situated. *See generally Pye v. Estate of Fox*, 633 S.E.2d 505, 511 (S.C. 2006) ("The essential consideration in civil conspiracy is not whether lawful or unlawful acts or means are employed to further the conspiracy, but whether the primary purpose or object of the combination is to injure the plaintiff." – internal quotation marks omitted).

**C. RICO**.   Plaintiff's RICO claims fail under Rule 12(b)(6) for the same reason they fail under Rule 12(b)(1).  She has not alleged any fraud directed toward her or any reliance.

**D. Equitable Relief.**  Plaintiff's requests for equitable relief fail because the claims which might support such relief fail for the reasons set forth above.

## CONCLUSION

Defendants' motion to dismiss is granted in full, based first on Rule 12(b)(1) of the Federal Rules of Civil Procedure (failure to allege facts to support standing) and, alternatively, on Rule 12(b)(6) (failure to state a claim on which relief may be granted).

IT IS SO ORDERED.

s/ Cameron McGowan Currie
**CAMERON MCGOWAN CURRIE**
**UNITED STATES DISTRICT JUDGE**

**Columbia, South Carolina**
**September 10, 2007**

C:\Documents and Settings\Glp59\Local Settings\Temp\notesE1EF34\07-1098 Green v Beazer dismissal order.wpd