IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| NIVIA GREEN, and on behalf of others so similarly situated, | C/A No. 3:07-1098-CMC |
| Plaintiffs, | **OPINION AND ORDER DENYING** |
| v. | **MOTION TO RECONSIDER** |
| BEAZER HOMES CORP., and BEAZER MORTGAGE CORPORATION, | |
| Defendants. | |

This matter is before the court on Plaintiff's motion to reconsider the order granting Defendant's motion to dismiss the complaint with prejudice. The motion to dismiss was granted under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Having fully considered the motion and related memoranda, the court reaffirms its earlier decision.

Although not cited by the parties, the court believes it may be helpful to compare the recent unpublished decision in *Republic Bank & Trust Co., v. Kucan*, 2007 WL 2376927 (4th Cir. 2007). In that case, the Fourth Circuit held that a bank had standing to enforce an arbitration agreement despite the fact that it was not a party to the underlying litigation where: (1) the bank was a party to the contract at issue in the underlying litigation; (2) that contract contained the arbitration agreement; and (3) success in the underlying litigation would void a loan held by the bank. Slip Op. at 2.

In the present action, Plaintiff's alleged injury does not flow from any contractual arrangement which she might have with one or more of the Defendants, even though she may have had a separate contractual relationship with one or both of them. Instead, the alleged injury results from a general depression in price of houses in her development resulting from an excessive number

of foreclosures on the homes of others. Those foreclosures were the alleged consequence of improper dealings between Defendants and the third-party owners of those homes, which led still others (lenders) to extend credit when they otherwise would not have done so.

Thus, Plaintiff's claim is not founded directly on any contract or other dealings which she might have had with Defendants. Neither does her injury result directly from any misdeed directed by Defendants towards her. It is, instead, a collateral result of injury to others which injury may or may not be realized at some point in the future in the event Plaintiff sells her home at a point when the market remains depressed. [1]

For the reasons set forth above, the court denies Plaintiff's motion for reconsideration and reaffirms its earlier decision granting Defendants' motion to dismiss under both Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 23, 2007

---

[1] Plaintiff cites to *Peoples Federal Savings and Loan Ass'n v. Resources Planning Corp.,* 596 S.E.2d 51 (S.C. 2004), in support of the proposition that a homeowner need not sell her home in order to recover for a diminution in market value. While the basic premise is correct, it does not support a finding of standing in the present action given two significant distinctions between *Peoples Federal* and the present action. First, the reduced value at issue in *Peoples Federal* resulted from a conspiracy to "destroy[] the marketability . . . and depreciat[e] the value of [the bank's] property through improper means." *Id.* at 54. As discussed above, the wrongs alleged in the present action were not directed toward Plaintiff or her property. Second, the reduction in market value in *Peoples Federal* flowed from defendants' imposition of improper assessments and fees directly on the bank's property. *Id.* at 56 (noting referee's finding that the "claimed assessments depreciated the present value of Peoples' property and created a reasonable probability of litigation which destroyed its marketability"). In the present action, the alleged misdeeds were directed toward other individuals and other property and, at most, had a collateral impact on the value of Plaintiff's home.

C:\Documents and Settings\Glp59\Local Settings\Temp\notesE1EF34\07-1098 Green v Beazer mo to reconsider.wpd